**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000709
22-DEC-2021
09:14 AM
Dkt. 61 SO**

NOS. CAAP-20-0000709, CAAP-20-0000712, AND CAAP-20-0000713

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CAAP-20-0000709
STATE OF HAWAIʻI, Plaintiff-Appellee, v.
BRONSON OILI, Defendant-Appellant
(CASE NO. 3PC141000474)

CAAP-20-0000712
STATE OF HAWAIʻI, Plaintiff-Appellee, v.
BRONSON OILI, Defendant-Appellant
(CASE NO. 3PC111000388)

CAAP-20-0000713
STATE OF HAWAIʻI, Plaintiff-Appellee, v.
BRONSON OILI, Defendant-Appellant
(CASE NO. 3CPC-17-0000535)

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

In this consolidated appeal,[1] Defendant-Appellant

Bronson Oili (**Oili**) appeals from the (1) Order of Resentencing

(Case No. 3PC141000474), entered on October 19, 2020; (2) Amended

Order of Resentencing (Case No. 3PC111000388), entered on

October 20, 2020; and (3) Order of Resentencing (Case No. 3CPC-

---

[1] Oili filed Notices of Appeal on November 16, 2020 in CAAP-20-0000709, CAAP-20-0000712, and CAAP-20-0000713. This Court consolidated the appeals under CAAP-20-0000709 on November 26, 2021.

17-0000535), entered on October 19, 2020 [collectively,

**Resentencing Orders**] by the Circuit Court of the Third Circuit.[2]

Oili contends that the Circuit Court abused its discretion by (1) denying his request to continue the resentencing matters in light of a potential settlement on an unrelated pending criminal charge and (2) failing to articulate its reasoning for imposing a consecutive sentence.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Oili's points of error as follows.

On June 4, 2019, the Plaintiff-Appellee State of Hawaiʻi filed its Motion to Revoke Probation after Oili's conviction on three previous criminal matters. The Circuit Court issued its Finding of Facts, Conclusions of Law and Order Granting Motion for Revocation of Probation and to Resentence.[3] Therein the Circuit Court found that Oili knowingly, voluntarily, and intelligently stipulated that he had violated the terms of his probation by, *inter alia*, (1) failing to report to his probation officer on May 21, 2019, (2) being non-clinically discharged from substance abuse treatment, and (3) failing to submit a urine sample which constituted a positive finding. The Circuit Court thus concluded that Oili inexcusably failed to comply with substantial terms and conditions of probation.

---

[2] The Honorable Peter K. Kubota presided.

[3] The Motion for Revocation of Probation and to Resentence was granted by The Honorable Jeffrey A. Hawk.

On October 16, 2020, the Circuit Court held a resentencing hearing on the three criminal matters and a pending criminal case in Case No. 3CPC-20-0000842.[4]  At the hearing, Oili requested a continuance on the resentencing matter to negotiate an agreement on the pending charge in Case No. 3CPC-20-0000842. The Circuit Court denied the request and imposed sentence on the three underlying criminal matters.  The Circuit Court sentenced Oili to five years in Case No. 3PC141000474, five years in Case No. 3CPC-17-0000535, and ten years in Case No. 3PC111000388.  The ten-year term was ordered to run consecutively with the five-year terms, for a total of fifteen years.

Oili argues that the Circuit Court abused its discretion because it did not state its reasoning as to why it imposed consecutive sentences.  The State agrees and recommends the case be remanded for resentencing.  We have considered the State's concession of error, and upon our review, the concession is supported both by the record in this case and the law.  See State v. Eduwensuyi, 141 Hawaiʻi 328, 337, 409 P.3d 732, 741 (2018) (explaining that the State's concession, "although not binding on an appellate court, is entitled to great weight" (citation and internal quotation marks omitted)).  We hold that the Circuit Court abused its discretion because it failed to state on the record the reasons why it imposed a consecutive sentence.

The appellate courts review a sentencing decision under the abuse of discretion standard.

---

[4]  In pending Case No. 3CPC-20-0000842, Oili was charged with Reckless Endangering in the First Degree, in violation of Hawaii Revised Statutes (**HRS**) § 707-713(1) (1993).

> [A] sentencing judge generally has broad discretion in imposing a sentence. . . . And, "[g]enerally, to constitute an abuse it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant."

State v. Hussein, 122 Hawaiʻi 495, 503, 229 P.3d 313, 321 (2010) (citations omitted).

HRS § 706-668.5 (Supp. 2015) provides courts with the discretion to impose consecutive or concurrent sentences. See id. at 502, 229 P.3d at 320. This statute requires the court to consider the sentencing factors enumerated in HRS § 706-606 (1993).[5] But, the court is not required to explain its conclusions as to every factor listed in HRS § 706-606. See Lewi v. State, 145 Hawaiʻi 333, 350–51, 452 P.3d 330, 347–48 (2019). It is presumed that a sentencing court will have considered all factors before imposing concurrent or consecutive terms of imprisonment under HRS § 706-606. Id. However, the court must

---

[5] The court, in determining the particular sentence to be imposed, shall consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed:

    (a) To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;

    (b) To afford adequate deterrence to criminal conduct;

    (c) To protect the public from further crimes of the defendant; and

    (d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) The kinds of sentences available; and

(4) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

HRS § 706-606.

"state on the record at the time of sentencing the reasons for imposing a consecutive sentence." Hussein, 122 Hawaiʻi at 510, 229 P.3d at 328.

Here, the Circuit Court's basis for *proceeding with sentencing* can be summarized as Oili's history of "getting in trouble in [] 2014, then 2017 and now again 2020." After delving into Oili's probation violations and ongoing misconduct, the Circuit Court stated, "[b]ut as far as sentencing, um, *it's time already*. You know, you had chances*. It's time so I'm going to impose the sentence*." (Emphasis added.) A reasonable inference from this statement is that Oili's prior acts were used by the Circuit Court to find that it would not delay imposing a sentence. But, the Circuit Court did not discuss any factors or link its statement with the statutory factors to satisfy Hussein. See e.g., State v. Kong 131 Hawaiʻi 94, 101, 315 P.3d 720, 727 (2013) (holding that the circuit court did not abuse its discretion because its statement identified the specific facts or circumstances within the range of statutory factors the court considered, and provided the conclusion drawn by the court from consideration of all the facts that pertained to the statutory factors); State v. Garcia, 133 Hawaiʻi 510, 331 P.3d 488, No. CAAP-13-0003458, 2014 WL 3796889 at *9-10 (App. Jul. 31, 2014) (mem.) (noting that the circuit court could have done a better job at stating its reasons for a consecutive sentence but sufficiently met the requirements of Hussein).

Instead, the Circuit Court's only reference to why a consecutive sentence was appropriate was because of a prior agreement that Oili and the State reached regarding his

5

supervised release.  This reasoning does not reflect any analysis of the statutory factors.

In conclusion, we hold that the Circuit Court did not state its reasoning as required by <u>Hussein</u> to (1) identify the facts and circumstances within the range of statutory factors it should have considered and (2) confirm that the decision was deliberate, rational, and fair.  <u>See</u> <u>Lewi</u>, 145 Hawaiʻi at 350-51, 452 P.3d at 347-48.  Having held that the Circuit Court abused its discretion in resentencing Oili, we need not decide the remaining point of error.

Therefore, IT IS HEREBY ORDERED that the Order of Resentencing, entered on October 19, 2020; Amended Order of Resentencing, entered on October 20, 2020; and Order of Resentencing entered on October 19, 2020, in the Circuit Court of the Third Circuit are vacated and this case is remanded for resentencing consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, December 22, 2021.

On the briefs:

Evans M. Smith,
for Defendant-Appellant.

Shannon M. Kagawa,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge